UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAMELA GLOVER, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION H-12-2191 |
| § | |
| WOODBOLT DISTRIBUTION, LTD., *et al.*, § | |
| § | |
| Defendants. § | |

## Order

Pending before the court is the joint motion for preliminary approval of a proposed class action settlement filed by plaintiffs Pamela Glover and Charles Ellis and defendant Woodbolt Distribution, LLC ("Woodbolt").[1] Dkt. 25. These parties have agreed to the terms of the settlement agreement attached to docket entry 29 (the "Settlement Agreement"). The court, having considered the motion and applicable law, hereby finds as follows:

1. Unless defined herein, all defined terms in this order shall have the respective meanings ascribed to the same terms in the Settlement Agreement.

2. The court has conducted a preliminary evaluation of the terms set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the court finds that (a) there is good cause to believe that the settlement is fair, reasonable, and adequate; (b) the settlement has been negotiated at arm's length between experienced attorneys familiar with the legal and factual issues of this case; (c) the settlement appears to be free of collusion among the

---

[1] Defendant Woodbolt Distribution, LLC was erroneously sued as Woodbolt Distribution, Ltd. Dkt. 25 n.1. Plaintiffs have also sued Does 1-50, who have not been identified and thus did not participate in the settlement discussions.

parties or contain any other indicia of unfairness; (d) the settlement is within the range of possible final judicial approval sufficient to warrant sending notice to settlement class members; and (e) the settlement is in the best interest of the settlement class. Therefore, the court GRANTS preliminary approval of the settlement.

3. Pursuant to Federal Rule of Civil Procedure 23(b)(3), and for settlement purposes only, the court CONDITIONALLY CERTIFIES the proposed settlement class ("Settlement Class"), consisting of:

> All residents of the United States who purchased one of the following products for personal use: (1) C4 Extreme from January 1, 2011 and April 30, 2012; (2) M5 Extreme from January 1, 2011 through April 30, 2012; or (3) N0 Extreme from October 1, 2009 through April 30, 2012.

4. For settlement purposes only, the court hereby PRELIMINARILY APPROVES the appointment of Pamela Glover and Charles Ellis as representatives of the Settlement Class ("Class Representatives").

5. For settlement purposes only, the court PRELIMINARILY APPROVES the appointment of the following as class counsel ("Class Counsel"):

> Robert Esensten, Esq.
> Gregory Scarlett, Esq.
> Wasserman, Comden, Casselman & Esensten, LLP
> 5567 Reseda Boulevard
> Tarzana, California 91357

6. The court will hold a fairness hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement, and to determine whether (a) final approval of the settlement should be granted; and (b) Class Counsel's application for attorneys' fees and expenses, and an incentive award to the Class Representatives, should be approved, and in what amount. This fairness hearing will

be set approximately sixty (60) days after the last date of publication of notice in *Planet Muscle* and *Fitness Rx for Men* magazines.  Class Counsel shall notify the court when publication dates are set, and the court will set a hearing date and briefing schedule at that time.

7.      Pursuant to the Settlement Agreement, Gilardi & Co., LLC is hereby APPOINTED as administrator of the settlement ("Settlement Administrator") and shall be required to perform all the duties of the Settlement Administrator set forth in the Settlement Agreement and this order.  To aid in the efficient submission of claims, the Settlement Agreement provides for claimants to submit claims on-line without the need for a manual signature.  However, by submitting an on-line claim form, such claimants shall be bound to the same extent as if they had used a manual signature.

8.      The court APPROVES the proposed plan for giving notice to the Settlement Class by publication in *Planet Muscle* and *Fitness Rx for Men* magazines, and establishing a settlement website, as more fully described in the Settlement Agreement.  The plan for giving notice, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto.  The court hereby directs the parties and Settlement Administrator to complete all aspects of the notice plan no later than (14) days after the date of this order.  With respect to publication notice, within this fourteen day period, the Settlement Administrator must arrange for publication pursuant to the terms of the Settlement Agreement for the soonest available issue dates.

9.      Any person who meets the definition of Settlement Class member and who wishes to exclude himself or herself as a Settlement Class member must submit his or her request for exclusion in writing, identifying the case name, *Glover, et al. v. Woodbolt Distribution, Ltd.*, No. 12-cv-02191, and state the name, address, and telephone number of the Settlement Class member seeking


exclusion. Each request must also contain the following signed statement: "I hereby request to be excluded from the proposed Settlement Class in the case *Glover, et al. v. Woodbolt Distribution Ltd.*, No. 12-cv-02191," or similar wording. The request must be mailed to the Settlement Administrator at the address provided in the class notice and postmarked no later than sixty (60) days after the date of the last publication of notice in *Planet Muscle* magazine or sixty (60) days afer the date of last publication of notice in *Fitness Rx for Men* magazine, whichever date is later. A request for exclusion that does not include all the foregoing information, that is sent to an address other than the one designated in the class notice, or that is not received within the time specified, shall be invalid and the person serving the request shall be deemed a member of the Settlement Class, and shall be bound as a Settlement Class member by the settlement. The Settlement Administrator shall promptly forward copies of all requests for exclusion to Class Counsel and counsel for Woodbolt.

10.     Any Settlement Class member may comment in support of on in opposition to the settlement, provided, however, that all comments and objections must be filed with the court and received by Class Counsel and Woodbolt's counsel prior to the fairness hearing.[2] A Settlement Class member who objects to the settlement may appear at the fairness hearing (either on his or her own behalf or through counsel). Additionally, the court reserves the right to require that any Settlement Class member who objects to the settlement appear at the fairness hearing (either on his or her own behalf or through counsel). All arguments, papers, briefs, and any evidence that any objector would like the court to consider must be filed with the court, with a copy postmarked to Class Counsel and Woodbolt's counsel, no later than fourteen (14) days before the fairness hearing. All objections shall

---

[2] Settlement Class members who wish to file objections may contact the court's case manager to find out when the fairness hearing is scheduled. The case manager's contact information is on the court's website, http://www.txs.uscourts.gov/district/judges/ghm/home.htm.

include the caption *Glover, et al. v. Woodbolt Distribution, Ltd.*, No. 12-cv-02191, and provide: (1) the Settlement Class member's full name and current address; (b) a signed statement under oath that he or she is a Settlement Class member; (c) the specific grounds for the objection; (d) all documents or writings that the Settlement Class member desires for the court to consider; and (e) if the Settlement Class member plans on attending the fairness hearing, a notice of intention to appear. If the Settlement Class member plans to appear at the fairness hearing through counsel, the attorney shall file an entry of appearance with this court, and deliver the entry of appearance to Class Counsel and Woodbolt's counsel.

11.     Any Settlement Class member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making the objections in this lawsuit or in any other lawsuit or proceeding.  While the declaration described in subparagraph 10(b) is *prima facie* evidence that the objector is a Settlement Class member, the parties may take discovery regarding this matter, subject to court approval.  If a Settlement Class member does not submit a written comment on the proposed settlement, the application of Class Counsel for attorneys' fees and expenses, or the application of Class Representatives for an incentive award in accordance with the deadline and procedure set forth in the class notice, and the Settlement Class member is not granted relief from such failure by this court, the Settlement Class member will waive his or her right to be heard at the fairness hearing.

12.     Settlement Class members are PRELIMINARILY ENJOINED from filing, commencing, prosecuting, intervening in, participating in, maintaining as class members or otherwise, directly or indirectly through a representative or otherwise, or receiving any benefits from, any lawsuit, administrative or regulatory proceeding or order in any jurisdiction, asserting any claims released

by the Settlement Agreement. In addition, all persons are PRELIMINARILY ENJOINED from filing, commencing, or prosecuting a lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending lawsuit in any jurisdiction) on behalf of Settlement Class members that assert any claims released by the Settlement Agreement. Nothing herein shall require any Settlement Class member to take any affirmative action with regard to other pending class action litigation in which he or she may be an absent class member.

13. The Settlement Agreement, and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the approval of the Settlement Agreement, and this order, are not and shall not in any event be construed as, offered as evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the parties of (a) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in this lawsuit, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (b) any liability, responsibility, fault, wrongdoing, or otherwise of the parties. Woodbolt has denied and continues to deny the claims asserted by plaintiffs. Nothing contained herein shall be construed to prevent a party from offering the Settlement Agreement into evidence for the purposes of enforcing the Settlement Agreement.

14. The certification of the Settlement Class shall be binding only with respect to the settlement of this lawsuit. In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved by the court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, the certification of the Settlement Class shall be deemed vacated, this

lawsuit shall proceed as if the Settlement Class had never been certified (including Woodbolt's right to oppose any subsequent motion for class certification), and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

    It is so ORDERED.

    Signed at Houston, Texas on November 7, 2012.

_____
Gray H. Miller
United States District Judge