IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| PAMELA GLOVER and CHARLES ELLIS, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WOODBOLT DISTRIBUTION, LTD., a Texas limited liability company; and DOES 1-50, inclusive,<br><br>Defendants. | Civil Action No. 4:12-cv-02191<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**Hearing**<br>Date: April 24, 2013<br>Time: 10:00 a.m. |

## Order

Pending before the Court is the Joint Motion for Final Approval of Class Action Settlement filed by plaintiffs Pamela Glover and Charles Ellis and defendant Woodbolt Distribution, LLC (erroneously sued as "Woodbolt Distribution, Ltd.") ("Woodbolt" or "Defendant"). On November 7, 2013, the Court granted preliminary approval of the Settlement Agreement attached to docket entry 29 (the "Settlement Agreement"). The Court, having held a Fairness Hearing on April 24, 2013 and having considered the Motion and applicable law, hereby **GRANTS** the Motion and finds as follows:

1. Unless defined herein, the capitalized terms in this Order shall have the respective meanings ascribed the same terms in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3. On November 7, 2013, this Court preliminarily approved the Settlement and certified, for settlement purposes, the Settlement Class consisting of:

> All residents of the United States who purchased one of the following products for personal use: (1) C4 Extreme from January 1, 2011 through April 30, 2012; (2) M5 Extreme from February 1, 2010 through April 30, 2012; or (3) NO Extreme from October 1, 2009 through April 30, 2012.

4. Pursuant to the Preliminary Approval Order, notice was published in the January 8 and February 12, 2013 editions of *Planet Muscle*, the January 29, 2013 edition of *Fitness Rx for Men*. In addition to the publication notice envisioned by the Settlement and approved by the Court, the Parties additionally caused class notice to be published in the March 7 and March 14, 2013 editions of *USA Today*. Moreover, also in addition to the class notice contemplated by the Settlement, on March 21, 2013, email notice was sent to 3,625 email addresses for potential Settlement Class Members. Of the 3,625 emails sent, only 227 were reported as not having been

5. As of April 10, 2013, five days before the deadline to file claims, a total of 1,510 claims had been filed by Settlement Class Members, of which 121 have been preliminarily identified by the Settlement Administrator as duplicate claims, leaving 1,389 unique filed claims. No class member has elected to opt-out of the Settlement. Nor has any class member objected to the Settlement and/or otherwise opposed the Settlement. Nor has any state attorney general opposed the Settlement after having received notice of the Settlement pursuant to CAFA.

6. The Settlement Agreement was arrived at as a result of arms'-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case, including two separate mediations, and thus, is supported by Plaintiffs and Class Counsel.

7. The Settlement as set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Settlement Class in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal.

8. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to Settlement Class Members is reasonable, considering the facts and circumstances of the claims and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing a trial on the merits.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

9. The Settlement Agreement is finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties are directed to consummate the Settlement Agreement in accordance with its terms. The Parties and Settlement Class Members who did not timely exclude themselves from the Settlement Class are bound by the terms and conditions of the Settlement Agreement.

10. The following Settlement Class is hereby finally certified, solely for purposes of this Settlement, pursuant to Federal Rule of Civil Procedure 23(b)(3):

> All residents of the United States who purchased one of the following products for personal use: (1) C4 Extreme from January 1, 2011 through April 30, 2012; (2) M5 Extreme from February 1, 2010 through April 30, 2012; or (3) NO Extreme from October 1, 2009 through April 30, 2012.

11. The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes. The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Settlement Class; the claims of Plaintiffs are typical of the claims of the Settlement Class; Plaintiffs will fairly and adequately protect the interests of the Settlement Class; and the questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members.

12. Class Counsel is experienced in class litigation, including litigation of similar claims in other cases, and has fairly and adequately represented the interests of the Settlement Class. The preliminary appointment of Wasserman, Comden, Casselman & Esensten, LLP ("WCCE" or "Class Counsel") as Class Counsel is hereby confirmed.

13. The preliminary appointment of Plaintiffs Pamela Glover and Charles Ellis as Class Representatives is hereby confirmed.

14. The Action is dismissed without prejudice and without costs. However, neither the Parties nor any Settlement Class Member(s) may litigate or otherwise reopen issues resolved by this Final Judgment and Order, or included within the Released Claims. Rather, dismissal is "without prejudice" so as to allow this Court to retain exclusive jurisdiction over this Action, the Parties, and all Settlement Class Members to determine all matters relating in any way to the Final Judgment and Order, the Preliminary Approval Order, or the Agreement, including but not limited to the administration, implementation, interpretation, or enforcement of such orders or Agreement. After the Effective Final Judgment Date (defined in Paragraph 13 of the Settlement Agreement), this Action shall be dismissed with prejudice. Judgment shall be entered without any admission by Defendant of liability or as to the merits of any of the allegations in the Complaint.

15. The Parties are directed to distribute the consideration to the Settlement Class pursuant to Paragraphs 2 and 3 of the Settlement Agreement.

16. The Plaintiff Releasing Parties release and forever discharge the Released Parties from the Released Claims.

    a. As used in this Order, the "Plaintiff Releasing Parties" shall mean Plaintiff, each Settlement Class Member (except a member of the Settlement Class who has obtained proper and timely exclusion from the Settlement Class pursuant to Paragraph 10 of the Settlement Agreement), and their spouses and former spouses, heirs, executors, administrators, representatives, agents, and assigns.

    b. As used in this Order, the "Released Parties" shall mean Woodbolt, including but not limited to its past and present affiliated or related parent or subsidiary corporate entities, affiliates and related entities, as well as its investors, advisors, members, agents,

c.  As used in this Order, the "Released Claims" shall mean all claims, causes of action, demands, judgments, damages, liabilities, whether known or unknown, contingent or non-contingent, including but not limited to, any and all attorneys' fees, costs, expenses, disbursements and interest, which the Plaintiff Releasing Parties now own or hold or have at any time owned or held, against the Released Parties and which arise out of or are in any way connected with the advertising, labeling, branding, endorsement, marketing or sale of the Products. Released Claims specifically include, but are not limited to, any claims based upon state or federal consumer protection, false advertising, breach of warranty, breach of contract, common law fraud, and consumer fraud laws, any legal or equitable claims of any type or nature that arise out of or are in any way connected with the allegations presented in the Action, or that could have been presented in the Action, and those claims that are based upon or related to violations of any state or federal statute or regulation, interest, penalties, attorney's fees, costs, or disbursements, or any other claim for damages not specifically described above. The Released Claims do not include any claims for personal injuries, wrongful death, copyright or trademark infringement, or violation of privacy rights.

d.  The Plaintiff Releasing Parties hereby fully, finally and forever, settle, release, relinquish and discharge the Released Parties from the Released Claims as of the date of the Final Judgment and Order.

e.  The release in Paragraph 16 above includes claims that are currently unknown to the Plaintiff Releasing Parties. The release in this Order and the Settlement Agreement discharge the Released Claims, whether now asserted or unasserted, known or unknown, suspected or unsuspected, which now exist, or heretofore existed or may hereafter exist, which if known, might have affected their decision to enter into this release. Each Plaintiff Releasing Party shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of the United States, any state or territory of the United States, or any state or territory of any other country, or principle of common law or equity, which governs or limits a person's release of unknown claims. The Plaintiff Releasing Parties understand and acknowledge that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Agreement, but it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts. Plaintiff Releasing Parties also understand that they may later discover additional injuries or damages that fall within the definition of "Released Claims" and that are not known to them at this time. Plaintiff Releasing Parties specifically accept the risk that they may later discover such injuries or damages. The foregoing waiver includes, without limitation, an express waiver, to the fullest extent not prohibited by law, by Plaintiffs, the Settlement Class Members, and all other Plaintiff Releasing Parties of any and all rights under California Civil Code Section 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

In addition, Plaintiffs, Settlement Class Members, and all other Plaintiff Releasing Parties also expressly waive and release any and all provisions, rights, and benefits conferred on them by a statute, regulation, or ordinance of any other jurisdiction which is similar to California Civil Code Section 1542.

17. Plaintiffs and Settlement Class Members are permanently enjoined and barred from commencing or prosecuting any collateral action against Defendant arising out of the claims made or that could have been made in the Action regarding the Products, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or self-regulating body, or other authority or forum wherever located.

18. Following the Effective Final Judgment Date, for a period of three (3) years from October 24, 2012, Defendant shall be enjoined from including 1, 3 Dimethylamylamine ("DMAA") or N-Carbamylglutamate ("NCG") as ingredients in the Products, unless the federal Food and Drug Administration does not issue an objection to the marketing or sale of products containing DMAA or NCG as dietary supplements.

19. The Court finds and determines that reasonable attorneys' fees and costs in the amount of $112,500.00 shall be awarded out of the common fund to WCCE for the work performed on behalf of the Class as Class Counsel. Specifically, the Court finds that WCCE's lodestar figures, including its hours and hourly rates, are reasonable and were reasonably incurred in the prosecution of this action. The $112,500 attorneys' fees and costs award is

20. The Court finds and determines that incentive award payments in the amount of $5,000 each shall be awarded out of the common fund to Plaintiffs Pamela Glover and Charles Ellis as compensation for the work performed on behalf of the Class as Class Representatives.

21. Without affecting the finality of this judgment, the Court retains exclusive jurisdiction of this Settlement, including without limitation, issues concerning its administration and consummation. The Court also retains exclusive jurisdiction over Defendant, Plaintiffs, and Settlement Class Members regarding the Settlement Agreement and this Final Judgment and Order. Defendant, Plaintiffs, and Settlement Class Members are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or relating to the Released Claims, this Order, and the Settlement Agreement, including but not limited to the applicability of the Released Claims, this Settlement Agreement, or this Order. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action, or proceeding arising out of or

22. This Settlement Agreement and the proceedings and statements made to the Settlement Agreement or papers filed relating to the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendant has denied and continues to deny the claims asserted by Plaintiffs. Nothing contained herein shall be construed to prevent a Party from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

23. The certification of the Settlement Class shall be binding only with respect to the settlement of this Action. In the event that the Settlement Agreement is terminated pursuant to its terms or the Court's approval is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified (including Defendant's right to oppose any subsequent motion for class certification), and no reference to the Settlement Class,

24. Based upon the Court's finding that there is no just reason for the delay of enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement, the Court directs the Clerk to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b).

**IT IS SO ORDERED.**

DATED: 4/24, 2013

_____
Honorable Gray H. Miller
United States District Court Judge